IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CITY OF CLINTON, ARKANSAS | § | |
| | § | |
| VS. | § | CIVIL NO. 4:09-CV-386-Y |
| | § | (Consolidated with 4:09-CV-387-Y) |
| PILGRIM'S PRIDE CORPORATION | § | |

ORDER GRANTING MOTION TO TRANSFER

Pending before the Court is Plaintiffs' Motion to Transfer
Venue (doc. #30).  After review, the Court concludes that the
convenience of the parties and the interest of justice will be
served by transferring Plaintiffs' claims to the docket of the
Honorable T. John Ward, United States District Judge for the
Eastern District of Texas, Marshall Division.  As a result,
Plaintiffs' motion will be granted.


I.  Background

This case arises out of the chapter 11 bankruptcy filed by
defendant, Pilgrim's Pride Corporation ("Pilgrim's").  Plaintiffs
are contract poultry growers located in Texas, Arkansas, Oklahoma,
and Louisiana who raise chicken for Pilgrim's.  A number of the
plaintiffs in this case, along with others, originally filed suit
against Pilgrim's in the Marshall Division of the Eastern District
of Texas in November 2007, claiming Pilgrim's had violated the
Packer's & Stockyards Act and the deceptive trade practices acts of
each of the states where Plaintiffs reside, had engaged in fraud,
and had committed certain banking violations.  Two suits were also

filed in Arkansas state courts by other plaintiffs in this case, making similar allegations.

Pilgrim's filed its chapter 11 bankruptcy in this court in December 2008. Pilgrim's filed a suggestion of bankruptcy in the Arkansas suits and the suit in the Eastern District and each was stayed. The plaintiffs in these suits then joined together, along with additional plaintiffs, and filed claims in the bankruptcy case. In the adversary proceeding and in the proofs of claim filed with the bankruptcy court, Plaintiffs repeat the claims made in the suit before the Eastern District and add claims for promissory estoppel and intentional infliction of emotional distress. Plaintiffs then filed a motion to withdraw the reference of their claims, which Pilgrim's initially opposed but eventually consented to. Once before this Court, Plaintiffs filed this motion to transfer their claims to the Eastern District of Texas, to be heard along with the claims already pending there.

II. Discussion

A. Forum-Selection Clause

Pilgrim's argues that "most Plaintiffs" have signed grower agreements contractually requiring them to litigate any and all claims arising out of such agreements in "the state or federal court in and for Dallas County, Texas." According to Pilgrim's, these growers have waived their ability to challenge venue in this

2

district.

But Pilgrim's does not identify which of the over 500 plaintiffs entered into agreements containing such a clause. Nor does Pilgrim's address how Plaintiffs' claims, based in tort and federal statutes, arise out of or relate to the agreements, as required by the clause. Hence, it is impossible for the Court to enforce the clause. Regardless, the clause does not speak to venue in the Northern District of Texas as a whole. Quite plainly, the clause refers to the federal courts located in Dallas County, Texas. This Court, from which Pilgrim's opposes transfer, is located in Fort Worth, Tarrant County, Texas. Thus, Pilgrim's is not, in any meaningful way, attempting to enforce this clause.


B.  Governing Law

In arguing for transfer, Plaintiffs cite 28 U.S.C. §§ 1404, 1408, and 1412. Section 1412 states that a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Pilgrim's argues that courts have limited the application of this section to "core" proceedings under 28 U.S.C. § 157(b)(2), jurisdiction over which arises "under title 11." *See* 28 U.S.C. § 1412; *Jones Searcy v. Knostman*, 155 B.R. 699, 706-07 (S.D. Miss. 1993); *see also Goldberg Holding Corp. v. NEP Productions, Inc.*, 93 B.R. 33, 34 (S.D.N.Y. 1988). According to

Pilgrim's, Plaintiffs have asserted that their claims are non-core, both in their adversary complaint filed with the bankruptcy court and in their motion to withdraw. This is a non-core matter and the Court's jurisdiction does not arise under title 11, Pilgrim's argument continues. Thus, Pilgrim's insists, section 1412 has no bearing on this case.

But the character of Plaintiffs' claims has never been resolved[1], and Pilgrim's argued, in connection with the motion to withdraw, that the claims are core. Having reviewed the arguments from the motion to withdraw, the Court concludes Plaintiffs' remaining claims are core proceedings. Section 157(b)(2) defines core proceedings as including the "allowance or disallowance of claims against the estate . . . ." 28 U.S.C. § 157(b)(2). This Court partially granted a motion to dismiss filed by Pilgrim's and has since partially granted Plaintiffs' motion for leave to amend. Plaintiffs' live claims include alleged violations of the Packers

---

[1] Generally, it is the duty of the bankruptcy judge to determine whether a cause of action is a core proceeding. *See* 28 U.S.C. § 157(b)(3). But the bankruptcy court recommended that the reference of Plaintiffs' claims be withdrawn based on 28 U.S.C. § 157(d)'s mandatory withdrawal provision, and this Court ultimately granted the motion to withdraw based on the notice filed by Pilgrim's that it did not object to withdrawal. Thus, there was no determination, prior to withdrawal, of whether Plaintiffs' claims are core proceedings. *See* 28 U.S.C. § 157(d) (stating withdrawal is mandatory if a proceeding involves resolution of issues under both title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce"); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) (listing whether the subject claim is core or non-core as a factor to consider in a *permissive*-withdrawal analysis). This Court will, therefore, address whether Plaintiffs' claims are core proceedings as a part of the transfer analysis, as have other courts presented with transfer motions implicating both section 1404(a) and section 1412. *See Heyman*, 306 B.R. at 749; *Searcy*, 155 B.R. at 704-06; *see also Rumore v. Wamstad*, NO: 01-2997, 2001 U.S. Dist. LEXIS 19064, at *6-*9 (E.D. La. Nov. 13. 2001).

& Stockyards Act by Pilgrim's, fraud, and violations of the Texas,
Arkansas, Oklahoma, and Louisiana deceptive trade practices acts.
Each of these claims has been asserted against the bankruptcy
estate by way of proofs of claim and by this adversary proceeding.
*See Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)
(concluding that a claim against the estate made by a proof of
claim is a core proceeding even if defined in terms of state law);
*see also In re Nikoloutsos*, 199 F.3d 233, 239 (5th Cir. 2000)
(discussing circumstances under which an adversary complaint
amounts to informal proof of claim).[2] Consequently, as extensively
argued by Pilgrim's in opposing the motion to withdraw, the claims
are core proceedings and, therefore, the motion to transfer is
governed by section 1412, not section 1404. *Official Comm. of
Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 306 B.R. 746,
749 (S.D.N.Y. 2004) (concluding transfer of core proceeding is
governed by section 1412); *A.B. Real Estate v. Bruno's, Inc. (In re
Bruno's, Inc.)*, 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998) (same).

Section 1412 is phrased in the disjunctive; hence, a transfer
may be ordered based either on "the interest of justice *or* for the

---

[2]   Neither Plaintiffs nor Pilgrim's addresses whether all Plaintiffs
properly filed a proof of claim.  But having reviewed the briefing of the motion
to withdraw, the Court notes that Pilgrim's stated that 421 proofs of claim had
been filed in connection with Plaintiffs' claims.  This, along with the adversary
complaint and the fact that litigation between Pilgrim's and Plaintiffs regarding
the claims had begun well before the bankruptcy case was filed, clearly put
Pilgrim's and the bankruptcy court on notice of the claims justifying treatment
of the adversary complaint as an informal proof of claim with regard to any
plaintiffs who did not properly file a proof of claim.  *Cf. In re Nikoloutsos*,
199 F.3d at 236-37 & n.1 (discussing treatment of adversary complaint as proof
of claim).

convenience of the parties." 28 U.S.C. § 1412 (emphasis added); *see In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008); *A.B. Real Estate*, 227 B.R. at 324; *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 266 (M.D.N.C. 2001). Beyond this, section 1412 functions very similarly to section 1404(a). *See In re Emerson Radio Corp.*, 52 F.3d 50, 56 (3d Cir. 1995) (noting sections 1404(a) and 1412 "largely include the same criteria for transfer of cases"). The party seeking the transfer bears the burden of showing, by a preponderance of the evidence, that a transfer is warranted. *See Heyman*, 306 B.R. at 749; *Norton v. Encompass Servs. Corp.*, 301 B.R. 836, 839 (S.D. Tex. 2003). "[T]he district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy,"[3] at least with regard to core proceedings. *See Longhorn Ptnrs. Pipeline L.P. v. KM Liquids Terminals, L.L.C.*, 408 B.R. 90, 102-103 (S.D. Tex. 2009) (discussing *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) and *In re Continental Air Lines, Inc.*, 61 B.R. 758 (S.D. Tex. 1986)). This presumption may be overcome by consideration of the same sort of factors as those considered under section 1404(a). *See Heyman*, 306 B.R. at 749-50 (noting courts consider substantially the same factors under sections 1404 and 1412); *Norton*, 301 B.R. at

---

[3] *See Heyman*, 306 B.R. at 750 (quoting *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990)).

839 & n.1; *see also In re Commonwealth Oil Refining Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979) (discussing factors considered under section 1412's predecessor).  "[T]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." *In re Commonwealth Oil Refining Co.*, 596 F.2d at 1247.

 C.  Analysis

  1.  Transferee Court With Venue

Under section 1404(a), the first step in analyzing a motion to transfer is to determine whether the transferee court is a court in which the case could have originally been brought.  *See* 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d at 312.  Section 1412, however, does not require this finding.  *See* 28 U.S.C. § 1412; *City of Liberal v. Trailmobile Corp.*, 316 B.R. 358, 362 (D. Kan. 2004).  But even if section 1412 did require this finding, venue would be proper in the Eastern District because Pilgrim's has acknowledged, in its filings with the bankruptcy court, that its principal place of business is in Pittsburg, Camp County, Texas, which is in the Eastern District.  *See* 28 U.S.C. § 1391(b)(2) (providing that venue is proper in the judicial district where a defendant resides).

2.   Presumption in Favor of District of Underlying Bankruptcy

Plaintiffs argue that the Court should give no deference to the fact that the bankruptcy underlying this case is pending in this district.  Plaintiffs insist that the decision by Pilgrim's to file bankruptcy in this district was contrary to 28 U.S.C. § 1408, which governs venue in title 11 cases.

Pilgrim's counters that the Court may ignore Plaintiffs' arguments under section 1408.  Pilgrim's argues that Plaintiffs should have challenged venue before the bankruptcy court and any such challenge should have been raised when the title 11 case was filed.  But Pilgrim's does so without citing any authority that would prohibit this Court from considering whether the underlying bankruptcy was properly filed in this district.  In any event, Plaintiffs are not challenging venue under section 1408 in an effort to have the entire bankruptcy case transferred, but are instead asking the Court to consider whether venue of the underlying bankruptcy is proper as part of the analysis of their motion to transfer this adversary proceeding under section 1412. In the context of a motion to transfer under section 1404(a), the United States Court of Appeals for the Fifth Circuit has stated that to be considered at all, the original choice of venue has to be permissible under applicable law. *In re Horseshoe Entm't*, 337 F.3d 429, 434-35 (5th Cir. 2003).  The same is true under sections 1408 and 1412.

8

Under section 1408, a title 11 case may be commenced in the district in which the debtor has been domiciled, resided, maintained its principal place of business, or maintained its principal assets in the United States for the 180 days immediately preceding the filing.  *See* 28 U.S.C. § 1408(a).  A title 11 case may also be commenced in a district in which there is pending a title 11 case concerning the debtor's affiliate, general partner, or partnership.  *See* 28 U.S.C. § 1408(b).  This title 11 case was initially filed in this district by PFS Distribution Company ("PFS"), a subsidiary of Pilgrim's.  Pilgrim's then filed its title 11 case under section 1408(b), alleging venue was proper because its affiliate, PFS, had filed in this district.  Pilgrim's does not contend that this district is the proper venue for its title 11 case based on section 1408(a).

As for PFS's filing in this district, Plaintiffs argue it was a calculated move to allow Pilgrim's to file in this district and was, in any event, improper.  PFS based venue in this district on section 1408(a) by alleging in its voluntary petition that Tarrant County, Texas, is the location of its principal assets.  The schedule of assets filed by PFS show that of the company's $23,461,664.91 in total assets, only $3,413,414.33 in "land and buildings" are located in Tarrant County.  On the other hand, PFS has assets of almost $11.5 million, consisting of accounts receivable and bank accounts, in Cook County, Texas, which is in

9

the Eastern District of Texas.  *See In re Washington, Perito &
Dubuc*, 154 B.R. 853, 861-62 (Bankr. S.D.N.Y. 1993) (concluding that
location of debtor's place of business is location of its accounts
receivable for venue purposes).  Thus, Plaintiffs argue, it cannot
be said that PFS's principal assets are within this district.  And
PFS's filing for bankruptcy in this district is even more dubious
given that its schedules disclose only $4,303,755.98 in
liabilities.

Pilgrim's does not attempt to explain these circumstances.
Aside from its complaint regarding the timing of Plaintiffs'
challenge to the venue of the underlying bankruptcy case, the only
response Pilgrim's offers to this argument is that Plaintiffs chose
to file their claims in the bankruptcy court, rather than seeking
to have the stay lifted so that they could proceed in the cases
filed in Arkansas state courts and in the Eastern District of
Texas.  Of course, by filing a proof of claim in the bankruptcy
court, Plaintiffs submitted themselves to the jurisdiction of that
court.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59
(1989); *In re Jensen*, 946 F.2d 369, 373 (5th Cir. 1991).  But
Plaintiffs initially chose other venues--including the Eastern
District of Texas, where Pilgrim's maintains its principal place of
business--in which to litigate their claims and only after those
claims were stayed as a result of the bankruptcy case filed by
Pilgrim's did Plaintiffs choose to file their claims in this Court,

as they are authorized by bankruptcy law to do.  Thus, this venue differs from Plaintiffs' original choice of venue, which is itself a factor that weighs against deferring to the venue of the bankruptcy case.  *See Heyman*, 306 B.R. at 750 (discussing a conflict between a plaintiff's choice of venue and the venue of the bankruptcy case).  Regardless, as argued by Plaintiffs, section 1412 allows transfer of a proceeding for the interest of justice or the convenience of the parties even when jurisdiction exists in the court where the bankruptcy case was filed.

As noted, the burden is generally on the party seeking to transfer a bankruptcy-related proceeding away from the district in which the underlying bankruptcy is pending.  That is, it is generally presumed that the district in which the underlying bankruptcy is pending is the appropriate district for the related proceeding.  In the context of a motion to transfer under section 1404(a), the Fifth Circuit has concluded that the placement of the burden is a product of the original choice of venue--here the debtor's choice.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  But the debtor's choice of venue is given deference only when it is a choice authorized by law.  Plaintiffs have, at a minimum, called the choice made by Pilgrim's into serious doubt.  Thus, the presumption that this district is appropriate does not apply in this case and the burden will be placed on neither party.  Instead, this case will be decided by

11

weighing the relevant factors as guided by the parties' arguments.

### 3.   Private Interest Factors

#### a.   Location of the Parties and Party Witnesses

Plaintiffs point out that in its voluntary petition, Pilgrim's has admitted that its principal place of business is in Camp County, Texas, which is within the Eastern District of Texas. Although none of the plaintiffs reside in the Marshall Division of the Eastern District, some reside within the Eastern District. And as extensively detailed by Plaintiffs in their brief, 437 of the 555 plaintiffs reside over 100 miles closer to the Marshall Division than to this Court.

Plaintiffs argue that other relevant party witnesses likely to be called in this case are much closer to the Eastern District than to this Court. Plaintiffs note that the headquarters of Pilgrim's, and thus its officers and directors, is only 46.7 miles from the Marshall courthouse, while it is over 138 miles from this Court. And the Arkansas, Texas, and Louisiana complexes involved in Plaintiffs' claims, and thus any relevant Pilgrim's regional officers or employees, are much closer to Marshall than this Court.

Pilgrim's responds that Plaintiffs' arguments focus purely on distance, but that inconvenience is the true concern. And according to Pilgrim's, Marshall is the more inconvenient venue because American Airlines offers several non-stop flights from

12

cities near its regional growing facilities to Dallas-Fort Worth International Airport, while offering only a few non-direct flights to Tyler's East Texas Regional Airport, the airport nearest the Marshall Division.  But as has been explained by Judge Heartfield, who sits in the Marshall Division, an additional airport exists only thirty miles from Marshall, in Shreveport, Louisiana.  *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 776 n.24 (S.D. Tex. 2000).  Moreover, a review of the distances charted in Plaintiffs' brief shows that the majority of witnesses, both from the headquarters of Pilgrim's and its regional facilities, are within 115 miles of Marshall and, therefore, will not have to use air travel anyway.  Thus, the argument that convenience should be measured in this case in terms of airline service is unpersuasive. Accordingly, the location of the parties and party witnesses favors transfer.

b.  Location of Non-Party Witnesses

Plaintiffs argue that if this case is tried in this Court, many third-party witnesses will be beyond the subpoena power defined by Fed. R. Civ. P. 45(b)(2).  Pilgrim's, citing Rule 45(c)(3)(A)(ii) responds that this Court and the Eastern District have subpoena power over the same basic subset of non-party witnesses.  Rule 45(c)(3)(A)(ii) provides that a person who is neither a party nor a party's officer subject to a subpoena may

13

have that subpoena quashed when the subpoena requires the person to travel more than 100 miles from his residence or place of business, except that a person may be required to travel from such a place within the state where the trial is held. Pilgrim's argues that, under this rule, both this Court and the Eastern District have subpoena power over non-party witnesses in Texas.

But Rule 45(b), not Rule 45(c)(3)(A)(ii), defines the scope of a court's subpoena power. Rule 45(b)(2) provides:

> *Subject to Rule 45(c)(3)(A)(ii)*, a subpoena may be served at any place:
>
> (A) within the district of the issuing court;
>
> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
>
> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
>
> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2) (emphasis added). Rule 45(c)(3)(A)(ii) does not expand this power, at least with regard to non-party witnesses, but only imposes a limitation on the power defined by Rule 45(b). *See Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 216 (E.D. La. 2008) (concluding that Rule 45(c)(A)(3)(ii) does not expand the scope of the subpoena power defined by Rule 45(b)(2));

14

*but see In re Vioxx Products Liab. Litig.,* 438 F. Supp. 2d 664, 666-667 (E.D. La. 2006) (concluding that Rule 45(c)(3)(A)(ii)'s 100-mile limitation, by its terms, applies only to non-party witnesses and, through "inverse inference" concluding that party witnesses may be required to travel more than 100 miles). Hence, Pilgrim's cannot argue that this Court's subpoena power is coextensive with that of the Eastern District, and specifically of the Marshall Division, under Rule 45(c)(A)(3)(ii). From the arguments presented by the parties, it appears that the Eastern District will have subpoena power over a larger portion of Texas witnesses because many, if not all, of these witnesses reside in the Eastern District.

Plaintiffs' also point out that, under Rule 45(b)(2)(B), the Marshall Division will have subpoena power over many of the witnesses located Arkansas and Louisiana. Under Rule 45(b)(2)(B), a district court has subpoena power over persons outside the judicial district in which it sits but within 100 miles of the court. Plaintiffs have provided a chart that demonstrates that many of the Arkansas and Louisiana witnesses live within 100 miles of the Marshall Division. Pilgrim's offers nothing to refute this. This factor weighs in favor of transfer.


c.  Location of Documentary Evidence

Next, Plaintiffs argue that the relevant documentary evidence

15

is located much more closely to the Eastern District than to this Court. Plaintiffs argue that business decisions that were made in violation of the Packers and Stockyards Act and the Louisiana, Texas, Arkansas, and Oklahoma deceptive trade practices acts were made at the Pilgrim's headquarters in Camp County, Texas, in the Eastern District.

Plaintiffs also allege that certain fraudulent representations made to poultry growers originated at the Pilgrim's headquarters and were passed through the company's regional offices. On this point, Pilgrim's responds that the documents relevant to these claims will be at the regional offices. But as discussed above, each of these offices is located either in the Eastern District or nearer to the Eastern District than to this Court.

Pilgrim's also responds that many of the documents relevant to this case have already been provided to its counsel, Baker & McKenzie LLP, which is located in Dallas. The location of counsel, even those in possession of relevant documents, is not a factor to consider in a transfer-of-venue analysis. *See In re Horshoe Entm't*, 337 F.3d at 434 (concluding district court erred in considering location of counsel as part of transfer analysis). Because it appears that relevant documentary evidence is closer to the Eastern District, this factor favors transfer.

### 3. Public-Interest Factors

Courts must consider "the administrative difficulties flowing from court congestion." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Plaintiffs cite statistics from the United States Courts' website to show that this case could proceed to trial more quickly in the Eastern District. Pilgrim's counters that the same statistics show that cases are disposed of more quickly in this district. But Plaintiffs also note that part of the congestion consideration is whether the case to be transferred is unjustifiably congesting the docket of the original venue. *See Andrews v. Primus Telcom. Group, Inc.*, 146 F. Supp. 2d 954, 954 (S.D. Tex. 2001) (noting the hardship caused by cases unjustifiably filed in a venue). Plaintiffs' claims and, indeed, the related business practices by Pilgrim's, have no connection with this district.

Relatedly, Plaintiffs argue that there is no local interest in this dispute in the Northern District of Texas, but that there is such an interest in the Eastern District of Texas. Again, Plaintiffs point out that the headquarters of Pilgrim's is located in the Eastern District and that the regional facilities are located more closely to the Eastern District than to this Court. The only response by Pilgrim's is that a local interest in this district exists because its bankruptcy is pending here. This argument misses the point of the local-interest factor, which is

17

meant to take into consideration the interest of residents of the
district most affected by the events giving rise to a case to have
that case resolved within that district, while at the same time
avoiding imposition of the burdens of jury duty on residents of a
district that has no connection with the case.  *See In re
Volkswagen of Am., Inc.*, 545 F.3d at 317-18 (discussing the local-
interest factor); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,
508-09 (1947) ("Jury duty is a burden that ought not to be imposed
upon the people of a community which has no relation to the
litigation.").  These considerations weigh in favor of transfer.
The other public-interest factors, such as familiarity with
governing law and avoidance of unnecessary conflicts-of-laws
problems, have no bearing on this case.


4.  Efficient Resolution of Bankruptcy Case

Finally, because this case arises out of a title 11 case, the
Court must determine what impact transfer might have on the
efficient resolution of the bankruptcy case.  This consideration
would seem to go hand in hand with the presumption that the
district in which the underlying bankruptcy case is pending is the
appropriate district for proceedings related to the bankruptcy
case, and the resulting placement of the burden on the movant to
show that transfer away from that district is appropriate.  But as
discussed above, the circumstances surrounding the filing of the

18

title 11 case in this district by Pilgrim's show that it is not entitled to that presumption and, therefore, Plaintiffs do not bear the burden of proof.

In any event, there is nothing before the Court to show that transfer of this case will impede the bankruptcy case. The bankruptcy court, in its report and recommendation on Plaintiffs' motion to withdraw, states that the motion to transfer should be denied so that resolution of Plaintiffs' claims can be coordinated with the administration of the bankruptcy case. But this case, which began as an adversary proceeding before the bankruptcy court and will serve to liquidate Plaintiffs' claims, has been fully withdrawn. Consequently, the bankruptcy court will have no role in its scheduling, whether it proceeds before this Court or the Eastern District. And the case can be resolved efficiently in the Marshall Division of the Eastern District, in which many of the plaintiffs have had claims pending against Pilgrim's since November 2007. The claims before this Court--alleged violations of sections 192(a) and (b) of the Packers and Stockyards Act, violations of the Texas, Arkansas, Louisiana, and Oklahoma deceptive trade practices acts, and alleged fraudulent representations by Pilgrim's and its agents--are also before the Eastern District. The prior filing of related claims in another district itself favors transfer to that district. *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) (noting that the purpose of a transfer under section

1404(a) is to avoid having related cases involving the same issues proceeding in different courts). Indeed, if not for the bankruptcy case of Pilgrim's in this district, there would be no basis for Plaintiffs' claims to be before this Court and no justification for retaining them here.

Further, neither the bankruptcy court nor Pilgrim's points to any specific problem that transferring this case will pose, and neither the presumption in favor of the district of the underlying bankruptcy case or generalized considerations of convenient administration are sufficient to defeat an otherwise proper motion to transfer. *See e.g.*, *Urban v. Hurley*, 261 B.R. 587, 591-92 (S.D. Tex. 2003) (approving transfer of a case away from district of underlying bankruptcy based on the convenience of the parties under section 1412); *cf. Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 606 (5th Cir. 1999) (discussing first-to-file rule, which holds that the court in which an action is first filed should be the court that determines subsequent cases involving the same issues). There is nothing to show that resolution of Plaintiffs' claims, as a part of the bankruptcy case, will be any less efficient in the Eastern District than in this Court. This factor does not weigh against transfer.

III.  Conclusion

Having weighed all of the relevant factors and the arguments

20

of the parties, the Court concludes that Plaintiffs' claims against Pilgrim's should be transferred to the docket of the Honorable T. John Ward in the Marshall Division of the Eastern District of Texas.  Accordingly, Plaintiffs' motion to transfer is GRANTED.

SIGNED: December 17, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE